# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ERIC KADAY, | ) | |
|     Petitioner, | ) | Civil Action No. 08-37 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| THE ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, <u>et al.</u>, | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot and that a certificate of appealability be denied.

### II.    REPORT

#### A.    Discussion

Petitioner, Sean Eric Kaday, is a former state prisoner. In February 2008, he filed with this Court a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 4]. In the petition and subsequent supplement [ECF No. 6], he raised numerous claims challenging the constitutionality of the judgment of sentence imposed against him by the Court of Common Pleas of Erie County at Criminal Docket Number CP-25-CR-0003868-2005.

At the same time that Petitioner was litigating his habeas claims in this Court, he continued to seek relief in the state court. On November 30, 2010, Respondents advised the Court that the charges

1

against Petitioner at Criminal Docket Number CP-25-CR-0003868-2005 have been nolle prossed.[1] [ECF No. 15].

Federal courts do not have jurisdiction to review moot claims. <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Burkey v. Marberry</u>, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." <u>Id.</u>, quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. <u>Burkey</u>, 556 F.3d at 147, citing <u>Spencer</u>, 523 U.S. at 7.

Since the state criminal proceeding at issue in this case has been nolle prossed, Petitioner's habeas claims are moot.[2] <u>See</u>, <u>e.g.</u>, <u>id.</u>; <u>see also</u> <u>Piskanin v. Krysevig</u>, 349 F.App'x 683, 685 (3d Cir. 2009) (district court correctly dismissed as moot habeas petition after a nolle prosequi had been entered in petitioner's underlying state criminal case). The petition should be dismissed.

### B.     **Certificate of Appealability**

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists

---

[1] Respondents incorrectly referred to the docket number of Petitioner's underlying criminal case as ending in "3865." [<u>See</u> ECF No. 15]. That is a typographical error, as Petitioner's state criminal case ends in "3868."

[2] Petitioner has not demonstrated continuing collateral consequences stemming from the criminal proceeding at Criminal Docket Number CP-25-CR-0003868-2005 that would satisfy the case-or-controversy requirement. <u>See</u>, <u>e.g.</u>, <u>Spencer</u>, 523 U.S. at 7-8.

would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be dismissed as moot. Accordingly, a certificate of appealability should be denied.

## **II.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition For Writ of Habeas Corpus be dismissed as moot and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.[3] Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 3, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

[3] Respondents have advised the Court that Petitioner is no longer imprisoned in either the Erie County Prison or a state correctional facility. [See ECF No. 15]. He has not provided the Court with his current address. Accordingly, this Report and Recommendation will be sent to his address of record, which is the Erie County Prison.